Ex parte YEE MON WAH.

No. 20252.

District Court, N. D. California, S. D.

Sept. 11, 1930.

James M. Hanley, of San Francisco, for petitioner.

Geo. J. Hatfield, U. S. Atty., of San Francisco, for respondent.

ST. SURE, District Judge.

Applicant, claiming to be American born, sought admission to the United States at Seattle on September 20, 1926, and was excluded. He claims to be the same Yee Mon Wah who appeared before United States Commissioner Benjamin L. Wells at Malone, N. Y., on December 31, 1901, in deportation proceedings, and who was discharged.

Applicant arrived at San Francisco on May 15, 1929, and again made application to enter the country as an American-born citizen. The immigration authorities have again denied admission on the ground that applicant has failed to establish the fact of his birth within the United States. They also find that he is not the same Yee Mon Wah who was before United States Commissioner Wells at Malone, N. Y., in 1901.

On examining the voluminous record, I find several photographs, and, after comparison, I think there are photographs of at least four different men purporting to be Yee Mon Wah. The photograph of the person admitted to the United States by Commissioner Wells in 1902 as Yee Mon Wah shows a young man in Chinese costume. The photograph taken in 1917 shows a young man in American costume, who, sixteen years later, looks younger than the man in the 1901 photograph. The photograph of the present applicant taken in 1929 shows him at the age of 46 years, which would mean that he was 34 when the 1917 photograph was taken.

Applicant's counsel harbored some doubt as to the date when the photograph of Yee Mon Wah was attached to the record of Com-

missioner Wells, and thought that possibly the picture of another person was substituted. This doubt has been removed, however, by the fact that the New York immigration authorities verified the photograph by a comparison with the record of the United States marshal at Utica, N. Y. It is not likely that the same substitution would have been made in two government offices so far apart.

To prove his birth on American soil, applicant presents two witnesses, Chin Hom Bow and Hom Kim, whose testimony is quite as confusing as the photographs.

Chin Hom Bow testifies that he was born in San Francisco in 1880. Applicant testifies that he was born in Stockton in 1883. Yet he testifies that he is six or seven years younger than Chin Hom Bow.

Chin Hom Bow testifies that, when he was between the ages of 2 and 7 years, he visited applicant, then an infant, at Stockton. But his testimony as to applicant's birth is only hearsay. He says he knew applicant was born in Stockton because Chin Hom Bow's parents told him so, and also because applicant told him so. He says he is not related to applicant, only a friend. Applicant testifies that he is related to Chin Hom Bow on his mother's side; that he cannot define the relationship, but considers it close; and he denies having previously made a contrary statement.

Chin Hom Bow testifies that he saw applicant many times in China. Applicant testifies that he never saw Chin Hom Bow in China.

The other witness, Hom Kim, makes no better impression. He testifies that he is a cousin by marriage of the applicant; that applicant is his father's sister's son; that Chin Hom Bow is the son of another sister of Hom Kim's father; therefore Chin Hom Bow and the applicant are cousins. Hom Kim testifies that his father's name is Hom Moon Dow. Applicant testifies that his mother had only one brother, and his name was Hom Lin Wee; that his mother was not a sister of Hom Moon Dow.

Hom Kim testifies that, after not seeing the applicant from the time applicant was 7 until he was 30 years of age, Hom Kim recognized applicant by his big ears and by his "eyebrows being high up." This is not a very definite identification.

Hom Kim testifies he has three brothers and no sisters, and that applicant knows them. Applicant says he does not know if Hom Kim has any brothers or sisters.

Hom Kim testifies that Yee Mon Wah told him that he (Yee Mon Wah) had married, or lived with, a white woman in New York City, and that they had two sons. Applicant denies that he ever made such a statement to Hom Kim, and testifies that he married Lee Shee on February 10, 1898, at the Jay Suey Village, Snd, China; that he has four sons and no daughters; that that was his only marriage; and that he never married, or lived with any woman as his wife in the United States.

Hom Kim testifies that the father of applicant was Yee Thlen Sang, manager of the "Kim Lung Chung Store" at Stockton, California. Applicant says his father's name was Yee Dok Jung, also known as Yee Sik, and that he died in China many years ago.

Hom Kim testifies that applicant knew Hom Kim's parents in China. Applicant testifies that he only saw Hom Kim's parents in Stockton.

Hom Kim testifies that he owes applicant $100, but that applicant has no interest in Hom Kim's laundry. Applicant testifies that Hom Kim does not owe applicant any money, but that applicant is half owner in a laundry in Hattiesburg, Miss., the other half of which is owned by Hom Kim.

In the face of these glaring discrepancies on material matters, I cannot interfere with the conclusion of the immigration authorities.

The petition for a writ of habeas corpus will be denied, and the order to show cause dismissed.